IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH COOK, JOHN WILLIAM COOK, JAMES HANNA, REBECCA WALKER JENSEN, JAMES KENT and DEERFIELD INVESTMENTS LTD, each Individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP.,<br><br>Defendant. | §§§§§§§§§§§§§§§§<br><br>C.A. NO. 4:16-CV-00542 |

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

HAYNES AND BOONE, LLP

Thad Behrens
State Bar No. 24029440
Southern District Bar No. 916015
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5668
Facsimile: (214) 200-0886
E-mail: thad.behrens@haynesboone.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANT AT&T CORP.**

```
```

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

ARGUMENT IN REPLY ...............................................................................................................1

    I.    Plaintiffs' trespass claim fails as a matter of law.......................................................1

        A.    Plaintiffs' trespass claim sounds only in contract........................................1

        B.    Plaintiffs fail to adequately plead an unauthorized entry.............................2

        C.    Plaintiffs do not deny that they failed to plead ownership or possession ....................................................................................................3

        D.    Plaintiffs' trespass claim is barred by limitations ........................................3

    II.    Plaintiffs fail to state a claim for declaratory relief ..................................................4

    III.    Plaintiffs are not entitled to discovery .......................................................................5

CONCLUSION ................................................................................................................................5

CERTIFICATE OF SERVICE ........................................................................................................7

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................5

*In re Baker Hughes Sec. Litig.*,
    136 F. Supp. 2d 630 (S.D. Tex. 2001) .....................................................................4

*Bayouth v. Lion Oil Co.*,
    671 S.W.2d 867 (Tex. 1984) ....................................................................................3

*DeWitt County Elec. Co-op., Inc. v. Parks*,
    1 S.W.3d 96 (Tex. 1999) ..........................................................................................1

*Etan Indus., Inc. v. Lehmann*,
    359 S.W.3d 620 (Tex. 2011) ....................................................................................3

*ETC Texas Pipeline, Ltd. v. Payne*,
    2011 WL 3850043 (Tex. App.—Waco Aug. 31, 2011, no pet.) ...............................2

*Exxon Corp. v. Tyra*,
    127 S.W.3d 12 (Tex. App.—Tyler 2003, pet. denied) .............................................1

*Kraft v. Langford*,
    565 S.W.2d 223 (Tex. 1978) ....................................................................................3

*Krohn v. Marcus Cable Assocs., L.P.*,
    201 S.W.3d 876 (Tex. App.—Waco 2006, no pet.) .............................................3, 4

*Malik v. ConocoPhillips Co.*,
    2014 WL 3420775 (E.D. Tex. June 23, 2014) .........................................................5

*Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland*,
    524 F.3d 676 (5th Cir. 2008) ....................................................................................5

*Okenkpu v. Allstate Tex. Lloyd's*,
    2010 WL 1038678 (S.D. Tex. Mar. 27, 2012) ........................................................5

*Oxy USA, Inc. v. Cook*,
    127 S.W.3d 16 (Tex. App.—Tyler 2003, pet. denied) .............................................1

*Pena v. Am. Residential Servs., LLC*,
    2013 WL 3280239 (S.D. Tex. June 27, 2013) .........................................................4

*Schneider Nat'l Carriers, Inc. v. Bates*,
    147 S.W.3d 264 (Tex. 2004) ....................................................................................3

*Waddy v. City of Houston*,
    834 S.W.2d 97 (Tex. App—Houston [1st Dist.] 1992, writ denied) ......................................... 4

*Warren Petroleum Corp. v. Monzingo*,
    304 S.W.2d 362 (Tex. 1957) .................................................................................................. 2

**ARGUMENT IN REPLY**

I.       **Plaintiffs' trespass claim fails as a matter of law.**

Plaintiffs have not effectively rebutted any of the four independent grounds for dismissal of their trespass claim.

       **A.**       **Plaintiffs' trespass claim sounds only in contract.**

Plaintiffs contend that "if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort." (Dkt. 11 at 4.) But in the words of the Texas Supreme Court, Plaintiffs have "carried this statement to an illogical conclusion." *DeWitt County Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 105 (Tex. 1999). As *DeWitt* recognized, when "a contract spells out the parties' respective rights," then "the contract and not common-law" governs their dispute. *Id.*

The question presented here is whether AT&T had a duty to remove its cable from the land if its Easement expired. Plaintiffs candidly acknowledge: "There was **no requirement** in that easement that Defendant remove its property once the easement ended." (Dkt. 11 at 4) (emphasis added). Thus, the terms of the Easement, and not the common law, govern and squarely refute any claim that AT&T had a duty to remove the cable. *See DeWitt*, 1 S.W.3d at 105; *Oxy USA, Inc. v. Cook,* 127 S.W.3d 16, 20 (Tex. App.—Tyler 2003, pet. denied); *Exxon Corp. v. Tyra*, 127 S.W.3d 12, 15-16 (Tex. App.—Tyler 2003, pet. denied).

Plaintiffs do not even address, much less distinguish, these authorities. Accordingly, because the parties' rights regarding the cable are governed by the Easement, Plaintiffs' tort claims sound only in contract and should be dismissed with prejudice.

### B. Plaintiffs fail to adequately plead an unauthorized entry.

Because Plaintiffs acknowledge AT&T had a right to place the cable on their property, and the Easement imposes no duty to remove the cable, Plaintiffs have not pled an unauthorized entry onto their land. No Texas authority supports their contention that "the very existence of Defendant's cable on Plaintiffs' property is an unauthorized entry, or trespass." (Dkt. 11 at 6.)

Plaintiffs ask this Court to grant them a right they never bargained for. They seek to impose a common law duty on AT&T to remove its cable and to restore the land to its original condition. (*See* Dkt. 1 ¶ 33.) There is no such duty. For example, in *ETC Texas Pipeline, Ltd. v. Payne*, "the trial court was not authorized to order the removal of the pipeline from [the plaintiff's] property" after defendant's easement expired. 2011 WL 3850043, at *8 (Tex. App.—Waco Aug. 31, 2011, no pet.). The court noted that the easement was "silent regarding the possible removal of the pipeline in the event of non-use" and that "by requiring [the defendant] to remove the pipeline from her property, [the plaintiff] sought to include a provision in the agreement that was not originally there." *Id.* Similarly, the Texas Supreme Court has rejected any implied duty to restore land to its original condition when an oil and gas lease expires. *See Warren Petroleum Corp. v. Monzingo*, 304 S.W.2d 362, 363-64 (Tex. 1957). There is no reason to treat easements differently.

Unable to cite to any legal authority to support such an unprecedented common law duty, Plaintiffs resort to several inapt analogies. They compare this case to a situation where a party continues to use another's intellectual property after a license expires or refuses to leave a store when asked to do so. (Dkt. 11 at 4 n.1, 6.) These examples miss the mark. Plaintiffs do not contend that AT&T is continuing to use or refusing to leave the Easement. To the contrary, they allege that AT&T abandoned the Easement with no intent to return. (Dkt. 1 ¶ 28.) Their real

claim is that AT&T had a duty to restore the land to its original condition before it allegedly abandoned the Easement. Again, there is no such duty under Texas law. Plaintiffs cannot state a claim for trespass and their Complaint should be dismissed with prejudice.

### C. Plaintiffs do not deny that they failed to plead ownership or possession.

The Easement is between AT&T and non-parties John and Nona Cook. (Dkt. 10-1.) Plaintiffs do not deny that (1) they failed to adequately plead if or when they allegedly obtained an interest in the land or Easement, or (2) ownership or possession is an essential element of trespass. (Dkt. 10 at 8.) Plaintiffs did not even attempt to rebut this ground for dismissal.

### D. Plaintiffs' trespass claim is barred by limitations.

Plaintiffs have attempted to plead a permanent trespass based on the presence of AT&T's cable under their land. A permanent trespass is "constant and continuous, not occasional, intermittent or recurrent." *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984), *disapproved of on other grounds by Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 & n.78 (Tex. 2004). Conversely, a temporary trespass "is not continuous, but is sporadic and contingent upon some irregular force such as rain."[1] *Id.* at 868. Texas courts have repeatedly categorized injuries to land related to the presence of cables or buried lines as permanent. *See, e.g., Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 621-23 (Tex. 2011) (trespass claim time-barred where defendant placed cables on land without an easement more than two years before plaintiffs filed suit); *Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 881 (Tex. App.—

---

[1] Plaintiffs incorrectly argue that "[t]he ability to terminate tortious conduct is a characteristic of a temporary injury to land." (Dkt. 11 at 12.) The Texas Supreme Court has rejected this argument and the authority Plaintiffs rely on to support it. *See Schneider Nat'l Carriers*, 147 S.W.3d at 283-84 (rejecting *Kraft v. Langford*, 565 S.W.2d 223 (Tex. 1978) and holding that "the characterization of a nuisance as temporary or permanent should not depend on whether it can be abated").

Waco 2006, no pet.) (cable on plaintiff's property "clearly constituted a permanent trespass"); *Waddy v. City of Houston*, 834 S.W.2d 97, 102 (Tex. App—Houston [1st Dist.] 1992, writ denied) (sewer line on property treated as permanent injury to land).

Plaintiffs do not—and cannot—dispute that their trespass claim is time-barred if the alleged trespass is permanent. The continuing tort doctrine "does not apply . . . to cases of permanent injury to land." *Pena v. Am. Residential Servs., LLC*, 2013 WL 3280239, at *2 (S.D. Tex. June 27, 2013). Because Plaintiffs have pled a permanent trespass, the Court should dismiss Plaintiffs' trespass claim as time-barred. Alternatively, if the Court accepts Plaintiffs' argument that they have pled a temporary trespass, the Court should clarify that any claim based on a permanent trespass is dismissed on limitations grounds.[2]

## II.      Plaintiffs fail to state a claim for declaratory relief.

Plaintiffs contend that: "The Texas Declaratory Judgment Act is the precise mechanism to resolve non-possessory interest disputes such as the abandonment of the easement." (Dkt. 11 at 15.) But they brought their claim under the federal act. (Dkt. 1 ¶ 26.)

Regardless, a declaration is improper for two reasons. First, Plaintiffs do not deny that they have not adequately pled an interest in the Easement and cannot obtain a declaration of the rights of third-parties. (Dkt. 10 at 10.) Second, Plaintiffs continue to allege that AT&T removed equipment from the land, as the Easement allows. But Plaintiffs have not explained how actions consistent with the Easement could give rise to a plausible inference that AT&T clearly intended

---

[2] Plaintiffs assert for the first time in their response that lead from the cable is seeping into the ground. (Dkt. 11 at 12.) This allegation—which never appears in the Complaint—is irrelevant. A plaintiff cannot overcome a motion to dismiss by relying on facts not pled in the complaint. *See In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001).

- 4 -

to abandon. Indeed, in their response Plaintiffs state: "Defendant never expressly communicated anything about an abandonment or cessation of use to Plaintiffs." (Dkt. 11 at 14.)

Plaintiffs claim that AT&T is ending its land line telephone business and, thus, the Easement's purpose "has ceased to exist." (*Id.* at 6, 16.) But the Easement was not granted solely to run a copper telephone cable. It allows AT&T to "construct, operate, maintain, replace and *remove*" any "communications systems." (Dkt. 1 ¶ 11; Dkt. 10-1) (emphasis added). AT&T is still in the communications business, thus the Easement's purpose has not ceased to exist.

### III. Plaintiffs are not entitled to discovery.

Plaintiffs contend they are entitled to discovery to resolve disputed fact issues. But discovery is irrelevant to a motion to dismiss, where the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Okenkpu v. Allstate Tex. Lloyd's*, 2010 WL 1038678, at *8 (S.D. Tex. Mar. 27, 2012) (refusing to allow plaintiff to "unlock the doors of discovery" to bolster insufficiently pled claim). Even if all of Plaintiffs' allegations are true, their claims are barred as a matter of law and should be dismissed. *See, e.g.*, *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland*, 524 F.3d 676, 677-78 (5th Cir. 2008) (affirming dismissal where tort claims sounded in contract); *Malik v. ConocoPhillips Co.*, 2014 WL 3420775, at *5 (E.D. Tex. June 23, 2014) (dismissing trespass claim based on limitations defense).

### CONCLUSION

Plaintiffs' Complaint should be dismissed with prejudice.

Respectfully submitted,

*/s/ Thad Behrens*
Thad Behrens
State Bar No. 24029440
Southern District Bar No. 916015
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5668
Facsimile: (214) 200-0886
E-mail: thad.behrens@haynesboone.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT AT&T CORP.**

OF COUNSEL:
Mark Trachtenberg
State Bar No. 24008169
Southern District Bar No. 24584
Polly Graham Fohn
State Bar No. 24065318
Southern District Bar No. 1062385
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2528
Facsimile: (713) 236-5567
E-mail: mark.trachtenberg@haynesboone.com
E-mail: polly.fohn@haynesboone.com

Michelle C. Jacobs
State Bar No. 24069984
Southern District Bar No. 1111059
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5058
Facsimile: (214) 200-0619
E-mail: michelle.jacobs@haynesboone.com

**ATTORNEYS FOR DEFENDANT AT&T CORP.**

- 7 -

## CERTIFICATE OF SERVICE

I certify that on this 26th day of April 2016, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court to the following:

Anthony G. Buzbee
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002

*/s/ Thad Behrens*
Thad Behrens