IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH COOK, JOHN WILLIAM COOK, JAMES HANNA, REBECCA WALKER JENSEN, JAMES KENT and DEERFIELD INVESTMENTS LTD, each Individually, and on behalf of those similarly situated, | § § § § § § § | C.A. No.: 4:16-cv-00542 |
| | § | **JURY TRIAL DEMANDED** |
| Plaintiffs, | § § | |
| V. | § § | |
| AT&T CORP. | § § | |
| | § | CLASS ACTION PURSUANT TO |
| Defendant. | § | FED. R. CIV. P. 23 |

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION**

Plaintiffs Kenneth Cook, John William Cook, James Hanna, Rebecca Walker Jensen, James Kent, and Deerfield Investments Ltd, individually and as representatives of the putative class defined herein (the "Class"), bring this action and request for injunctive relief against Defendant AT&T CORP., and respectfully show this Honorable Court the following:

**I.
INTRODUCTION**

1.   This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages suffered by Plaintiffs and all members of the Class as a result of an abandoned easement that spans the distance between Houston, Texas to Dallas / Ft. Worth, Texas under which is buried a six-inch cable.  Plaintiffs seek a

declaration from this Court that Defendant's easement that runs through Plaintiffs' real property has been abandoned. Plaintiffs also seek damages for pollution of their land, and damages incurred to clear title to their land. Additionally, Plaintiffs seek injunctive relief. Plaintiffs seek certification under both Rule 23(b)(2) and Rule 23(b)(2).

## II.
## PARTIES

2. Plaintiff Kenneth Cook is a citizen of Texas. He seeks to be a class representative.

3. Plaintiff John William Cook is a citizen of Texas. He seeks to be a class representative.

4. Plaintiff James Hanna is a citizen of the State of Texas. He seeks to be a class representative.

5. Plaintiff Rebecca Walker Jensen is a citizen of the State of Texas. She seeks to be a class representative.

6. Plaintiff James Kent is a citizen of the State of Texas. He seeks to be a class representative.

7. Plaintiff Deerfield Investments Ltd. is a registered entity with the Secretary of State of Texas, whose principal office is located in Walker County, State of Texas.

8. Defendant AT&T CORP. is a New York corporation, doing business in Texas, which has been served and has answered this lawsuit.

## III.
## JURISDICTION AND VENUE

9. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where at least one Defendant is incorporated or does business.

10. The case is properly brought in the Southern District because all of the acts and omissions that form the basis of this suit occurred in this district and the Defendant does business in the Southern District and in this Division.

## IV.
## FACTUAL ALLEGATIONS

11. In the early to mid-1950's landowners between Houston, Texas and Dallas / Ft. Worth, Texas granted a right of way and easement to American Telephone & Telegraph Company.  The specific grant stated that "a right of way and easement to construct, operate, maintain, replace and remove such communication systems as the grantee may from time to time require, consisting of underground cables, wires, conduits, manholes, drains, and splicing boxes and surface testing-terminals, repeaters, repeater housings and markers, and other appurtenances, upon, over and under a strip of land one rod wide across the land which the undersigned own or which the undersigned have an interest in …".

12. In the 1950s, Plaintiffs granted the easement described above to American Telephone & Telegraph Company.

13. On information and belief, thousands of real property owners also granted the same or similar easement to the American Telephone & Telegraph Company.

14. After being granted the easement, American Telephone & Telegraph Company buried a six-inch cable within the easement, and at the same time, installed small cinder-

3

block buildings and subterranean concrete rooms complete with manhole covers displaying the AT&T logo.

15.     The cable buried in the easement beneath the surface of Plaintiffs' land is commonly known as a Paper Insulated Lead-Covered ("PILC") cable.  PILC cables have been used in the United States for more than a hundred years.  Corrosion of the lead sheath on PILC cable is a mechanism that results in lead being released to the environment.  Corrosion of the lead sheath is a common occurrence with older cables.  Moreover, if the cable is cut or damaged, lead from the cable can be released over time.  PILC cables require routine inspection and maintenance.  If the paper surrounding the lead in the PILC cable becomes wet, it rapidly deteriorates, allowing lead to slowly contaminate the immediate area.  The Environmental Protection Agency has stringent rules for the storage and disposal of PILC cable.

16.     The easement and cable in question span the distance between Houston, Texas and Dallas-Fort Worth, Texas.

17.     On April 21, 1994, American Telephone & Telegraph amended the certificate of authority with the Texas Secretary of State and changed its name to AT&T Corp.

18.     Recently, AT&T Corp. removed all signage from the easement in question, removed some but not all of the cinder-block structures and generally ceased utilizing the PILC cable for communication purposes.

19.     The PILC cable remains buried beneath each of the Plaintiffs' land.  The cable has been cut in multiple places and is in disrepair.  The paper covering the lead in the cable is

badly damaged, and lead is directly contacting the soil under Plaintiffs' land at multiple points. The PILC cable, and specifically the paper surrounding the lead, continues to deteriorate, and continues to contaminate the subsurface of Plaintiffs' real property.

20. Defendant no longer uses the easement for any communication system, and has demonstrated a clear intent to abandon the easement in question.

21. Title to Plaintiffs' real property remains encumbered with the abandoned easement.

## V.
## CLASS DEFINITION

22. Plaintiffs seek to certify a Class under both 23(b)(2) and 23(b)(3). Plaintiffs bring this action on behalf of themselves and all others similarly situated, who are members of the following Class:

> All individuals or entities who currently own real property situated between Houston, Texas and Dallas-Ft. Worth, Texas encumbered by an easement granted to American Telephone & Telegraph Company in approximately 1950, such cable being the same as that under the land of the putative class representatives.

23. Excluded from the Class are:

   a. the officers and directors of the Defendant;

   b. any judge or judicial officer assigned to this matter and his or her immediate family; and

   c. any legal representative, successor, or assign of any excluded persons or entities.

## VI.
## CLASS ACTION ALLEGATIONS

**A.     THE CLASS**

    1.     **<u>Numerosity of the class.</u>**

24.    The proposed Class is so numerous that joinder is impractical.  While the exact number of individuals has yet to be determined, it is believed that there are hundreds, if not thousands, of persons or entities who own real property with title encumbered by the easement in question, and who now have an unused deteriorating lead cable beneath the surface of their land.  The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

    2.     **<u>Predominance of Common Questions of Fact and Law.</u>**

25.    There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

    a.     Whether Defendant's right to the easement in question still exists;

    b.     Whether Defendant abandoned the easement;

    c.     When the Defendant demonstrated an intent to abandon the easement in question;

    d.     Whether Defendant's actions constitute trespass;

    e.     Whether and to what extent lead is seeping from the cable in question;

    f.     Whether this Court should declare that the easement has been abandoned;

    g.     Whether and to what extent the easement in question clouds the title to Plaintiffs' real estate;

  h.  The amount of damages Plaintiffs and the Class Members should receive in compensation, such damages could easily be subject to a formula, requiring only one trial.

  3. **Typicality.**

26. Plaintiffs and the Class Members have suffered similar harm as a result of Defendant's actions.

  4. **Adequacy of Representation.**

27. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class because their interests do not conflict with the interests of the Class Members they seek to represent. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions and environmental litigation.

  5. **Superiority.**

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims

related to the Defendant's conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Just one example: One declaration from this Court would eliminate the need to file and litigate individual actions to clear title to the real estate in question.

## VII.
## CAUSES OF ACTION

**A.     DECLARATORY ACTION[1]**

29.     Plaintiffs, on behalf of themselves and the members of the putative Class, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

30.     This action is being brought pursuant to Chapter 22 U.S. Code Section 2201, which states:

> " In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

---

[1] Under these facts, a cause of action seeking declaratory relief is not subject to any limitations period.

8

31.     Plaintiffs' predecessors granted Defendant an easement on Plaintiffs' real property. That easement allowed Defendant to use the easement for communication systems. Defendant made use of the easement and buried a PILC cable under the surface of Plaintiffs' property. Defendant no longer uses the cable for communications purposes. By removing its signage, selling some of the bunkers and other equipment, and by failing to inspect, maintain, or repair the cut and damaged cable, Defendant has demonstrated a clear intent to abandon the easement in question, and is certainly no longer using it for communication systems.

32.     Defendant has abandoned the easement, but title to Plaintiffs' real property still indicates that the property is encumbered by the easement in question. Further despite the abandonment, Defendant's PILC cable and other equipment remains on Plaintiffs' realty. The PILC cable is damaged, is deteriorating, and is causing lead to seep into the soil.

33.     Plaintiffs, through this action, seek to have the Court issue a declaratory judgment stating that the easement in question has been abandoned by the Defendant, it successors, if any, and its assigns, if any, and that such easement is hereby terminated.

34.     Plaintiffs also seek attorneys' fees and costs of Court.

**B.      TRESPASS**

35.     Plaintiffs, on behalf of themselves and the members of the putative Class, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if copied herein.

36.     Defendant was granted a contractual right to enter Plaintiffs' land for a specific purpose; that is, to construct, operate, maintain, replace, and remove a communication

9

system. With regard to the easement, Defendant no longer is engaged in such activities. The specific permission given to Defendant to enter Plaintiffs' land no longer exists. Defendant's personal property, however, remains on Plaintiffs' land, even though the specific permission to have such personalty there has been terminated. Defendant's continued entry onto and storage of Defendant's property on Plaintiffs' land is without the consent or authority of the Plaintiffs. Such entry has caused, and is continuing to cause, Plaintiffs damage.

37. Defendant's actions constitute trespass. Defendant no longer has authorization to occupy Plaintiffs' land but continues to do so, and continues to damage Plaintiffs' land on a daily basis as the PILC cable continues to deteriorate. Further, Defendant's occupation of Plaintiffs' land is outside of the original authority Plaintiffs granted.

38. The damage to Plaintiffs' land is of a temporary nature; that is, the cable can be removed, and the contamination can be remedied. Plaintiffs specifically plead that the trespass in question is a continuing tort, as that term is understood in Texas law, and specifically plead that the nature of the trespass is temporary.

39. Plaintiffs seek damages equal to the cost of removing all of Defendant's property from Plaintiffs' land, including those costs associated with returning the land to its natural state and decontaminating the land as necessary.

40. Plaintiffs also seek damages to remove the cloud from the land's title, as well as all equitable relief they may be entitled, as well as attorneys' fees, cost of court, and expenses.

## VIII.
## REQUEST FOR INJUNCTIVE RELIEF[2]

41. Plaintiffs seek a TRO, preliminary injunction, and permanent injunction pursuant to Section 65(b)(1) of the Federal Rules of Civil Procedure, which provides that

> a temporary restraining order may be granted without written or oral notice to the adverse party or its attorneys if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. PRO. 65(b)(1).

42. Plaintiffs and the putative class are the legal owners of real property in the State of Texas. As such, Plaintiffs are entitled to protect such property from trespass. Defendant is trespassing on Plaintiffs' property. Defendant's lead cable has damaged, and is continuing to damage, Plaintiffs' realty. Plaintiffs are thus authorized to obtain an injunction to prevent Defendant from further trespass, and from further damage of Plaintiffs' real property. Plaintiffs will suffer irreparable injury if the injunctive relief is not granted. This harm is imminent. The injury to the Plaintiffs will be irreparable and there is no adequate remedy at law.

43. Defendant has indicated a clear indication of its intention to abandon the easement. Defendant has not used the easement for years, has removed all markers, and in some cases, portions of the lead cable have been removed. Defendant no longer has a

---

[2] Injunctive relief to eliminate a continuing trespass is not subject to a statute of limitations defense.

valid and enforceable easement. There is a substantial likelihood of success that the Plaintiffs will prevail on their claims against Defendant. Furthermore, the injury faced by the Plaintiffs far outweighs the injury that would be sustained by the Defendant as a result of the injunctive relief sought. This injunctive relief would not adversely affect public policy or the public interest.

44. The temporary restraining order should be heard *ex parte* because the Plaintiffs will suffer immediate and irreparable injury if the restraining order is not granted immediately, and notice should not be required because it would be impractical to wait for Defendant to retain trial counsel. Moreover, Plaintiffs will forward this Complaint to Defendant and counsel who has represented Defendant in the past on similar matters, immediately upon filing. Plaintiffs are willing to post a bond. In separate pleadings, Plaintiffs will seek preliminary and permanent injunctive relief.

## IX.
## PRAYER

45. WHEREFORE, Plaintiffs and the Class, demand judgment against Defendant AT&T Corp. as follows:

    a. An order certifying the Class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the Class;

    b. Declaratory relief that Defendant has abandoned the easement and that such easement is terminated;

c. Economic and compensatory damages in amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes one of this Court's bases of jurisdiction to hear this case;

d. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

e. Attorneys' fees and costs of litigation;

f. The injunctive relief sought;

g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

h. A trial by jury.

    Respectfully submitted,

    **THE BUZBEE LAW FIRM**

    */s/ Anthony G. Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    Federal Bar No. 22679
    Andrew Dao
    State Bar No. 24082895
    Federal Bar No. 2368172
    JPMorgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Telephone:   713-223-5393
    Facsimile:   713-223-5909
    Email: tbuzbee@txattorneys.com
    Email: adao@txattorneys.com

*(continued on next page)*

>Bret Griffin
>State Bar No. 24025396
>Federal Bar No.: 685946
>JPMorgan Chase Tower
>600 Travis, Suite 7300
>Houston, Texas 77002
>Email: bret@bretgriffin.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served upon counsel of record in accordance with the Federal Rules of Civil Procedure.

>*/s/ Bret Griffin*
>Bret Griffin