**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KENNETH COOK, JOHN WILLIAM COOK, JAMES HANNA, REBECCA WALKER JENSEN, JAMES KENT and DEERFIELD INVESTMENTS LTD, each Individually, and on behalf of those similarly situated, | § § § § § § § | C.A. NO. 4:16-CV-00542 |
| Plaintiffs, | § § | |
| v. | § § | |
| AT&T CORP., | § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'**
**SECOND AMENDED COMPLAINT**


HAYNES AND BOONE, LLP

Thad Behrens
State Bar No. 24029440
Southern District Bar No. 916015
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5668
Facsimile: (214) 200-0886
E-mail: thad.behrens@haynesboone.com

**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT AT&T CORP.**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ..............................................................................................................1

FACTUAL BACKGROUND..............................................................................................2

PROCEDURAL HISTORY.................................................................................................3

PLEADING STANDARDS.................................................................................................4

ARGUMENT ......................................................................................................................5

     I.     Plaintiffs' trespass claim fails as a matter of law......................................5

          A.     The trespass claim sounds only in contract.................................5

          B.     Plaintiffs fail to adequately plead an unauthorized entry............................7

          C.     The trespass claim is time-barred ...............................9

     II.     Plaintiffs fail to state a claim for abandonment .....................................12

CONCLUSION..................................................................................................................14

CERTIFICATE OF SERVICE ..........................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

<u>C</u>ASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................4

*Bayouth v. Lion Oil Co.*,
671 S.W.2d 867 (Tex. 1984)........................................................................9, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................4

*Carter v. Target Corp.*,
541 F. App'x 413 (5th Cir. 2013) ...................................................................4, 5

*CSL Prop. Mgmt. Co. v. Thyssenkrupp Elevator Co.*,
No. 01-11-00665-CV, 2013 WL 396252 (Tex. App.—Houston [1st Dist.]
Jan. 31, 2013, no pet.) (mem. op.) ..............................................................6, 8, 9

*Dallas County v. Miller*,
166 S.W.2d 922 (Tex. 1942)............................................................................13

*DeWitt County Elec. Co-op., Inc. v. Parks*,
1 S.W.3d 96 (Tex. 1999)................................................................................5, 6

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) ............................................................................4

*Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*,
457 S.W.3d 414 (Tex. 2015)..............................................................................7

*EPEC Polymers, Inc. v. NL Indus., Inc.*,
No. 12-3842, 2013 WL 2338711 (D.N.J. May 28, 2013) (mem. op.) ......................9

*Etan Indus., Inc. v. Lehmann*,
359 S.W.3d 620 (Tex. 2011)....................................................................9, 11, 12

*ETC Texas Pipeline, Ltd. v. Payne*,
No. 10-11-00137-CV, 2011 WL 3850043 (Tex. App.—Waco Aug. 31, 2011,
no pet.) (mem. op.)............................................................................................8

*Exxon Corp. v. Pluff*,
94 S.W.3d 22 (Tex. App.—Tyler 2003, pet. denied)..........................................8

*Exxon Corp. v. Tyra*,
127 S.W.3d 12 (Tex. App.—Tyler 2003, pet. denied)....................................6, 8

*Jones v. Alcoa, Inc.*,
   339 F.3d 359 (5th Cir. 2003) ........................................................................9

*Jones v. Texaco, Inc.*,
   945 F. Supp. 1037 (S.D. Tex. 1996) ...........................................................12

*Kane Enterprises v. MacGregor (USA) Inc.*,
   322 F.3d 371 (5th Cir. 2003) ........................................................................4

*King-White v. Humble Indep. Sch. Dist.*,
   803 F.3d 754 (5th Cir. 2015) ........................................................................9

*Kraft v. Langford*,
   565 S.W.2d 223 (Tex. 1978).......................................................................10

*Krohn v. Marcus Cable Assocs., L.P.*,
   201 S.W.3d 876 (Tex. App.—Waco 2006, no pet.)......................................11

*Markwardt v. Tex. Indus., Inc.*,
   325 S.W.3d 876 (Tex. App.—Houston [14th Dist.] 2010, no pet.)............10, 11

*Oxy USA, Inc. v. Cook*,
   127 S.W.3d 16 (Tex. App.—Tyler 2003, pet. denied)...................................6

*Pena v. Am. Residential Servs., LLC*,
   No. 12-CV-2588, 2013 WL 3280239 (S.D. Tex. June 27, 2013).................12

*Phillips Natural Gas Co. v. Cardiff*,
   823 S.W.2d 314 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ...........13

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
   635 F.3d 757 (5th Cir. 2011) ........................................................................5

*Roth v. Cabot Oil & Gas Corp.*,
   919 F. Supp. 2d 476 (M.D. Pa. 2013) ...........................................................9

*San Jacinto Sand Co. v. Sw. Bell Tel. Co.*,
   426 S.W.2d 338 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.)...................13

*Schneider Nat'l Carriers, Inc. v. Bates*,
   147 S.W.3d 264 (Tex. 2004).......................................................................10, 11

*Sw. Bell Tel. Co. v. Delanney*,
   809 S.W.2d 493 (Tex. 1991)........................................................................5

*Tenn. Gas Transmission Co. v. Fromme*,
   269 S.W.2d 336 (Tex. 1954)........................................................................10, 11

*USPPS, Ltd. v. Avery Dennison Corp.*,
    326 F. App'x 842 (5th Cir. 2009) ..........................................................................10

*Waddy v. City of Houston*,
    834 S.W.2d 97 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ................................10, 11

*Warren Petroleum Corp. v. Monzingo*,
    304 S.W.2d 362 (Tex. 1957)...................................................................................8

*Winters v. United States*,
    127 F. Supp. 2d 814 (S.D. Tex. 2001) .........................................................................4

*Woodcliff, Inc. v. Jersey Const., Inc.*,
    900 F. Supp. 2d 398 (D.N.J. 2012) ............................................................................9

## STATUTES AND RULES

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ...........................................................................9, 12

TEX. R. CIV. P. 8(a) ........................................................................................................1

TEX. R. CIV. P. 12(b)(6) ..................................................................................................1

Defendant AT&T Corp. ("AT&T") moves to dismiss all of the claims asserted in Plaintiffs' Second Amended Class Action Complaint, Application for Temporary Restraining Order, and Request for Preliminary and Permanent Injunctions ("Second Amended Complaint") pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

After hearing AT&T's previous motion to dismiss, the Court ordered Plaintiffs to re-plead to provide further detail regarding a contention Plaintiffs made in their response briefing concerning alleged "lead leakage" from the cable that has been buried under their land for approximately 65 years. Plaintiffs have since amended their complaint twice. Plaintiffs' amendments confirm that they assert no legal claim based on purported lead leakage, but merely refer to the alleged leakage as a component of their claimed damages. Their legal claims, which remain exactly the same as they were before, continue to suffer from the same fatal deficiencies, and should be dismissed with prejudice. (Dkt. 14.)

Plaintiffs allege that AT&T trespassed on their property by leaving a cable buried under their land. Plaintiffs admit that the cable was lawfully placed under the land in the 1950s pursuant to an express easement, attached as Exhibit A (the "Easement"). But they contend that the lawful presence of the cable under the land became a "trespass" when AT&T allegedly "abandoned" the Easement "years" ago and failed to remove the cable beforehand. Plaintiffs seek damages "equal to the cost of removing all of Defendant's property from Plaintiffs' land, including those costs associated with returning the land to its natural state and decontaminating the land as necessary." (Dkt. 19 ¶ 39.)

Because Plaintiffs have not pled, and cannot plead, viable claims of trespass or abandonment, their Second Amended Complaint should be dismissed with prejudice.

**Trespass:** Plaintiffs' trespass claim fails for three independent reasons.

*First*, under well-settled Texas law a plaintiff cannot sue in tort where the rights and obligations of the parties are governed by an express easement. Here, the parties' respective rights and obligations related to the maintenance and/or removal of underground cables from the land are governed by the Easement, sound exclusively in contract, and cannot give rise to a trespass claim as a matter of law.

*Second*, Plaintiffs have failed to adequately plead an unauthorized entry onto their land. As a threshold matter, Plaintiffs fail to adequately allege that AT&T abandoned the Easement and, even if Plaintiffs had adequately alleged abandonment, the Easement imposed no duty on AT&T to remove the cable from the land upon its termination. Plaintiffs' allegations regarding lead leakage do not convert the cable's lawful presence on their land into a trespass.

*Finally*, Plaintiffs' trespass action is barred by the two-year statute of limitations. According to Plaintiffs' own theory, the alleged abandonment that gave rise to the alleged trespass occurred "years" ago—which Plaintiffs previously defined to mean "2010." The Complaint therefore demonstrates on its face that Plaintiffs' trespass claim is time-barred.

**Abandonment:** Plaintiffs have not stated a claim for abandonment because all of the alleged acts of abandonment—removal of signage and cinderblock buildings and failure to repair the cable—are either actions expressly permitted by the Easement itself or are merely allegations of nonuse, which even if true, are insufficient to plead abandonment as a matter of law.

Accordingly, Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiffs admit that they granted AT&T an Easement to "construct, operate, maintain, replace and remove such communication systems as the grantee may from time to time require," including "underground cables" on their land. (Dkt. 19 ¶¶ 11, 12.) The Easement was granted to AT&T in 1950. (Ex. A.) Plaintiffs claim that AT&T buried a telephone cable on the Easement

and "installed small cinder-block buildings and subterranean concrete rooms." (Dkt. 19 ¶ 14.) Plaintiffs now allege that AT&T "has not used the easement for years, has removed all markers, and in some cases, portions of the lead cable have been removed." (*Id.* ¶ 43.) Based on these allegations, Plaintiffs seek a declaration that AT&T has abandoned the Easement. (*Id.* ¶¶ 29-33.)

Because AT&T did not remove the cable before it allegedly abandoned the Easement, Plaintiffs claim that the continuing presence of the cable on the land constitutes a trespass. (*Id.* ¶¶ 35-40.) They seek damages "equal to the cost of removing all of Defendant's property from Plaintiffs' land, including those costs associated with returning the land to its natural state and decontaminating the land as necessary." (*Id.* ¶ 39.) Plaintiffs claim that the cable "continues to damage Plaintiffs' land on a daily basis as the cable continues to deteriorate." (*Id.* ¶ 37.)

## PROCEDURAL HISTORY

Plaintiffs filed their Original Complaint on March 1, 2016. (Dkt. 1.) The Original Complaint alleged that AT&T had abandoned its Easement and that the continuing presence of the telephone cable on their land was a trespass. (*Id.* ¶¶ 14, 17, 18, 32.) AT&T timely filed a motion to dismiss. (Dkt. 10.) In light of the numerous deficiencies in their Original Complaint, Plaintiffs claimed for the first time in their response to the motion to dismiss that the buried cable was seeping lead. (Dkt. 11 at 12.) After hearing argument on the motion to dismiss at the initial scheduling conference, the Court ordered Plaintiffs to amend their complaint to provide the Court with "further detail concerning the lead leakage from the wire, if any, and which causes of action, if any, this leakage would affect." (Dkt. 14.)

Plaintiffs filed an Amended Complaint on June 1, 2016, alleging that the cable buried underneath their land is a "Paper Insulated Lead-Covered" (PILC) cable and asserting that "[c]orrosion of the lead sheath on PILC cable is a mechanism **that results** in lead being released to the environment." (Dkt. 18 ¶ 15) (emphasis added). Later that same day, Plaintiffs amended

their complaint a second time. This time Plaintiffs deleted all references to PILC cable and instead alleged that the cable underneath their land is covered with "plastic." (Dkt. 19 ¶ 15.) They also scaled back their allegations, claiming this time that "[c]orrosion of the lead sheath on this type of cable is a mechanism that **can result** in lead being released to the environment." (*Id.*) (emphasis added). AT&T files this Motion to Dismiss the Second Amended Complaint.

## PLEADING STANDARDS

To survive a motion to dismiss, a plaintiff must plead sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means that the factual content, accepted as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the court "will not strain to find inferences favorable to the plaintiff." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Winters v. United States*, 127 F. Supp. 2d 814, 816 (S.D. Tex. 2001).

In ruling on a motion to dismiss, the court may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Carter v. Target Corp.*, 541 F. App'x 413, 416-17 (5th Cir. 2013); *accord Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Carter*, 541 F. App'x

at 416-17. Accordingly, the Court may consider the Easement attached as Exhibit A to this motion, which is central to Plaintiffs' claims and, in fact, was intended as an attachment to Plaintiffs' Original Complaint but was erroneously omitted. (Dkt. 1 ¶ 12.) *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (court may consider attachments to complaint in deciding a Rule 12(b)(6) motion).

## ARGUMENT

### I. Plaintiffs' trespass claim fails as a matter of law.

Despite now having filed three complaints, Plaintiffs still plead the same trespass claim that they asserted in their Original Complaint—that the cable's lawful presence on their land became a trespass when AT&T allegedly abandoned its Easement years ago without removing the cable beforehand. Thus, as AT&T argued in its original motion to dismiss, Plaintiffs' trespass claim fails as a matter of law because: (1) their claim sounds only in contract, (2) Plaintiffs fail to plead an unauthorized entry, and (3) the claim is time-barred.

### A. The trespass claim sounds only in contract.

Plaintiffs' trespass claim fails as a matter of law because it sounds only in contract. "If the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Sw. Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494 (Tex. 1991). The parties' rights and obligations with respect to maintenance and removal of the cable are governed exclusively by the Easement and, therefore, Plaintiffs' claim for trespass sounds only in contract and should be dismissed with prejudice.

The Texas Supreme Court's decision in *DeWitt County Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96 (Tex. 1999) is illustrative. There, the plaintiff landowner sued for negligence after the defendant cut down trees that were obstructing its utility easement. *Id.* at 99. The Court held that the plaintiff's negligence claim sounded only in contract, noting that "when, as here, an

easement is created by an express grant, the scope of the easement holder's rights must be determined by the terms of the grant." *Id.* at 103. It reasoned that: "A person who enters a neighbor's property and cuts down trees with no contractual right to do so can be held liable in tort." *Id.* at 105. "But when, as here, a contract spells out the parties' respective rights about whether trees may be cut, the contract and not common-law negligence governs any dispute about whether trees could be cut or how trees were cut." *Id.*

Applying these principles, Texas courts of appeals have concluded that tort claims sound only in contract when a defendant places equipment on a plaintiff's property pursuant to a valid contract or easement. For example, in *Oxy USA, Inc. v. Cook*, the plaintiff brought a suit for nuisance and trespass alleging that the defendant failed to remove oil field equipment from its property after it abandoned several wells. 127 S.W.3d 16, 18 (Tex. App.—Tyler 2003, pet. denied). The court noted that "[t]he structures on the land that Cook is now complaining of were placed there to drill for oil pursuant to the terms of" an oil and gas lease between the parties. *Id.* at 20. It observed that the "only reference in the lease to the subject matter of Cook's complaint is paragraph six which gives [the defendant] the right to remove its property and fixtures from the land." *Id.* The court concluded that "in essence, Cook merely complains that [the defendant] did not exercise its contractual right to remove certain structures." *Id.* Accordingly, it held that the plaintiff's "cause of action depends entirely on the contract to establish a duty and, therefore, the action is one for breach of contract only." *Id.*; *accord Exxon Corp. v. Tyra*, 127 S.W.3d 12, 15-16 (Tex. App.—Tyler 2003, pet. denied) (holding that a claim for failure to remove structures placed on land pursuant to a valid lease sounded in contract); *cf. CSL Prop. Mgmt. Co. v. Thyssenkrupp Elevator Co.*, No. 01-11-00665-CV, 2013 WL 396252, at **11-12 (Tex. App.—Houston [1st Dist.] Jan. 31, 2013, no pet.) (mem. op.) (holding that the plaintiff's trespass claim

failed as a matter of law because the parties' contract gave the defendant the right to remove its equipment from the plaintiff's property but did not impose a duty to do so).

Similarly, in this case, the Easement gave AT&T the right to "construct, operate, maintain, replace and remove such communication systems as [AT&T] may from time to time require," including specifically "underground cables." (Dkt. 1 ¶ 11; Ex. A.) Thus, as in *Oxy* and *Tyra*, Plaintiffs' complaint is, in essence, that AT&T did not exercise its contractual right (as opposed to duty) to remove its cable when the Easement allegedly terminated. Because the parties' rights and obligations with respect to the placement or removal of the underground cable are governed exclusively by the Easement, Plaintiffs' trespass claim sounds only in contract and should be dismissed with prejudice.

### B. Plaintiffs fail to adequately plead an unauthorized entry.

As a threshold matter, Plaintiffs' claim for trespass is predicated on their allegation that AT&T abandoned its Easement, and Plaintiffs have failed to allege acts sufficient to plead abandonment. *See infra* pp. 13-14. Regardless, even if AT&T had abandoned its Easement, Plaintiffs still must adequately plead that there has been an unauthorized entry onto their land in order to state a claim for trespass. *See Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 422 (Tex. 2015). Accepting all of the factual allegations in the Second Amended Complaint as true, Plaintiffs have not adequately pled an unauthorized entry onto their land.

Plaintiffs claim that because the Easement allegedly expired through abandonment the "specific permission given to Defendant to enter Plaintiffs' land no longer exists." (Dkt. 19 at ¶ 36.) But Plaintiffs have not alleged that AT&T has entered their land since the Easement allegedly expired. To the contrary, they have affirmatively pled that: "[AT&T] is no longer engaged in such activities." (*Id.*) Rather, the controlling question here is whether AT&T had a

duty to remove its cable and restore the land to its original condition before it allegedly abandoned the Easement.

Plaintiffs themselves have candidly acknowledged: "There was **no requirement** in that easement that [AT&T] remove its property once the easement ended." (Dkt. 11 at 4) (emphasis added). The Easement gives AT&T the **right** to "remove such communications systems as [AT&T] may from time to time require," including "underground cables," but it does not impose a **duty** on AT&T to remove its equipment when the Easement expires. (Ex. A.) For example, in *Exxon Corporation v. Pluff*, the plaintiff sued Exxon for failure to remove abandoned oilfield materials from his land. 94 S.W.3d 22, 24-25 (Tex. App.—Tyler 2003, pet. denied). The parties' lease stated that: "[Exxon] shall have the right at any time during or after expiration of this lease to remove all property and fixtures placed by [Exxon] on said land including the right to draw and remove all casing." *Id.* at 29. Although the lease gave Exxon the **right** to remove its property, the court of appeals held—as a matter of law—that Exxon did not have an express or implied **duty** to remove its equipment. *Id.* at 29-30 (citing *Warren Petroleum Corp. v. Monzingo*, 304 S.W.2d 362, 363 (Tex. 1957) (holding that there is no implied obligation in an oil and gas lease to restore the surface of the land to its original condition after the lease expires)).

Similarly, in *ETC Texas Pipeline, Ltd. v. Payne*, the court of appeals held that "the trial court was not authorized to order the removal of the pipeline from [the plaintiff's] property" after the defendant's easement expired. No. 10-11-00137-CV, 2011 WL 3850043, at *8 (Tex. App.—Waco Aug. 31, 2011, no pet.) (mem. op.). The court noted that the easement was "silent regarding the possible removal of the pipeline in the event of non-use" and that "by requiring [the defendant] to remove the pipeline from her property, [the plaintiff] sought to include a provision in the agreement that was not originally there." *Id.*; *see also CSL Prop. Mgmt. Co.*,

2013 WL 396252, at **11-12 (holding that the plaintiff's trespass claim failed as a matter of law because the parties' contract gave the defendant the right to remove its equipment but did not impose a duty to do so).

In sum, Plaintiffs have failed to state a claim for trespass because: (1) they have not pled that AT&T has entered their land since the Easement expired, and (2) as Plaintiffs have conceded, AT&T had no duty to remove its cable from their land under the Easement.[1]

### C.    The trespass claim is time-barred.

Plaintiffs' trespass claim must be dismissed for another, independent reason: the Complaint demonstrates on its face that the statute of limitations for trespass has expired. Dismissal on limitations grounds is proper under Rule 12(b)(6) "'where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)) (affirming dismissal of claim under Rule 12(b)(6) based on limitations defense).

The statute of limitations for trespass is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011). The accrual date for trespass depends on whether the alleged injury is permanent or temporary. *See Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984),

---

[1] If Plaintiffs had alleged that the purported lead leakage itself was a trespass—as opposed to just a component of damages—that claim would fail as a matter of law as well. *See Roth v. Cabot Oil & Gas Corp.*, 919 F. Supp. 2d 476, 492 (M.D. Pa. 2013) (granting the defendant's motion to dismiss under Rule 12(b)(6) and holding that a trespass action cannot lie against a lessee who is authorized to be on the plaintiff's land); *Woodcliff, Inc. v. Jersey Const., Inc.*, 900 F. Supp. 2d 398, 402 (D.N.J. 2012) (allegations of contamination did not convert presence of defendant's soil on plaintiffs' land into a trespass); *EPEC Polymers, Inc. v. NL Indus., Inc.*, No. 12-3842, 2013 WL 2338711, at *12 (D.N.J. May 28, 2013) (mem. op.) (dismissing plaintiff's trespass claim with prejudice under Rule 12(b)(6) based on allegations similar to those asserted in *Woodcliff*).

*disapproved of on other grounds by Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 & n.78 (Tex. 2004). A cause of action for a permanent trespass to real property accrues upon discovery of the first actionable injury. *See id.* at 868; *Waddy v. City of Houston*, 834 S.W.2d 97, 102 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The first injury in a trespass claim occurs upon the unauthorized entry on the plaintiff's property. *Tenn. Gas Transmission Co. v. Fromme*, 269 S.W.2d 336, 337 (Tex. 1954). "[T]he question of when a cause of action accrues is a matter of law for the court to decide." *USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842, 846 (5th Cir. 2009); *accord Schneider*, 147 S.W.3d at 270.

Although Plaintiffs attempt to characterize the alleged trespass as "temporary" (Dkt. 19 ¶ 38), they cannot avoid the limitations bar with such a characterization. "[A] plaintiff may not elect whether to assert a temporary or permanent [injury to land] 'because the consequences that flow from the designation as temporary or permanent are not arbitrary but follow directly from underlying facts.'" *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (quoting *Schneider*, 147 S.W.3d at 281).

Notwithstanding Plaintiffs' attempt to label the alleged trespass "temporary," their allegations based on the continuing presence of AT&T's cable under their land dictate that the alleged trespass is permanent. A permanent trespass is "constant and continuous, not occasional, intermittent or recurrent." *Bayouth*, 671 S.W.2d at 868. Conversely, a temporary trespass "is not continuous, but is sporadic and contingent upon some irregular force such as rain." *Id.* at 868. The Texas Supreme Court has held that "the characterization of a[n injury to land] as temporary or permanent should not depend on whether it can be abated." *Schneider*, 147 S.W.3d at 283-84 (rejecting *Kraft v. Langford*, 565 S.W.2d 223 (Tex. 1978)). Texas courts have repeatedly categorized injuries to land related to the presence of cables or buried lines as permanent. *See,*

*e.g., Etan Indus.*, 359 S.W.3d at 621-23 (trespass claim time-barred where defendant placed cables on land without an easement more than two years before plaintiffs filed suit); *Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 881 (Tex. App.—Waco 2006, no pet.) (cable on plaintiff's property "clearly constituted a permanent trespass"); *Waddy*, 834 S.W.2d at 102 (sewer line on property treated as permanent injury to land). The fact that the cable has been buried under Plaintiffs' land ***for 65 years*** emphasizes further that the purported trespass is permanent, not temporary.

Plaintiffs' new allegation that the buried cable is resulting in environmental harm from lead leakage provides further confirmation that Plaintiffs' trespass claim is permanent, not temporary. Courts have repeatedly held that alleged environmental harm that regularly occurs constitutes a permanent injury to land. In *Schneider*, for example, the Texas Supreme Court determined as a matter of law that air pollutants emitted from a nearby industrial site constituted a permanent injury to land because they were claimed to be "'continuous,' 'ongoing,' 'regular,' and 'frequent.'" 147 S.W.3d at 268, 290.[2] Here, Plaintiffs claim that "[t]he lead containing cable" has been buried under Plaintiffs' land since the 1950s and that it "continues to damage Plaintiffs' land ***on a daily basis*** as the cable continues to deteriorate." (Dkt. 19 ¶¶ 12, 14, 19, 37) (emphasis added). *Cf. Schneider*, 147 S.W.3d at 290 (injury to land "***need not occur daily to be deemed permanent***") (emphasis added). A condition that allegedly has been in existence for approximately 65 years and is alleged to have been harming the land on a daily basis cannot be characterized as anything other than a permanent trespass.

---

[2] *See also Tenn. Gas*, 269 S.W.2d at 353-54 (treating damage resulting from a continuous flow of polluted water onto plaintiff's land as a permanent injury); *Markwardt*, 325 S.W.3d at 880, 883-85 (concluding as a matter of law that a plant's discharge of emissions onto plaintiff's nearby property over a period of twenty years constituted a permanent trespass).

Because Plaintiffs have pled a permanent injury to land based on the presence of the cable under their land, their trespass claim accrued when AT&T allegedly abandoned the Easement.[3] Plaintiffs allege that "Defendant has not used the easement *for years* . . . ." (Dkt. 19 ¶ 43) (emphasis added). Plaintiffs have already informed the Court what this means. In their Original Complaint, Plaintiffs admitted that the alleged acts of abandonment occurred "in approximately 2010." (Dkt. 1 ¶¶ 17, 28.) In the Second Amended Complaint, Plaintiffs try to avoid their previous judicial admission by replacing the phrase "in approximately 2010" with the vague term "[r]ecently." (*Compare* Dkt. 1 ¶ 17 *with* Dkt. 19 ¶ 18.) But this maneuver cannot save them: Plaintiffs' allegation that AT&T has not used the Easement "for years," and their prior judicial admission that the acts of abandonment occurred in approximately 2010, confirm that the alleged abandonment occurred, and the purported trespass began, well outside the two-year limitations period.

Finally, the continuing tort doctrine "does not apply . . . to cases of permanent injury to land." *Pena v. Am. Residential Servs., LLC*, No. 12-CV-2588, 2013 WL 3280239, at *2 (S.D. Tex. June 27, 2013). Plaintiffs' trespass claims are therefore barred by the two-year limitation period and should be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Etan Indus.*, 359 S.W.3d at 621, 623 (trespass claim time-barred where defendant had placed cables over plaintiffs' property without any easement more than two years before plaintiffs filed suit).

**II.      Plaintiffs fail to state a claim for abandonment.**

Plaintiffs' claim for abandonment also should be dismissed. To state a claim for abandonment, Plaintiffs must allege that AT&T committed a "definite act showing an intention

---

[3] The Easement put Plaintiffs on notice of the underground cable on their property. (Ex. A.) *See Jones v. Texaco, Inc.*, 945 F. Supp. 1037, 1043 (S.D. Tex. 1996) (property owners on notice of information contained in public record).

to abandon and terminate the right possessed by the easement owner." *Dallas County v. Miller,* 166 S.W.2d 922, 924 (Tex. 1942). Nonuse alone is insufficient to show abandonment. *See id.*; *San Jacinto Sand Co. v. Sw. Bell Tel. Co.*, 426 S.W.2d 338, 344 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

Plaintiffs allege three purported acts of abandonment. They claim that: "By

[1] removing its signage,

[2] selling some of the bunkers and other equipment, and

[3] by failing to inspect, maintain, or repair the cut and damaged cable,

Defendant has demonstrated a clear intent to abandon the easement in question, and is certainly no longer using it for communication systems." (Dkt. 19 ¶ 31.)

None of these allegations is sufficient to plead abandonment under the terms of the Easement. Language in the easement regarding abandonment controls over the common law. *See Phillips Natural Gas Co. v. Cardiff*, 823 S.W.2d 314, 317-18 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The first two allegations regarding removal of equipment are insufficient because the Easement explicitly gives AT&T the right to "remove such communications systems as [AT&T] may from time to time require." (Dkt 19 ¶ 11; Ex. A.) Plaintiffs cannot state a claim for abandonment by alleging that AT&T took actions consistent with its rights under the Easement. Moreover, Plaintiffs' allegation that AT&T has removed "some but not all of" its equipment undermines their claim of abandonment. (*Id.* ¶ 18.)

The third allegation—that AT&T has failed to inspect, maintain, or repair the cable—is insufficient because it amounts simply to an allegation of nonuse, which as a matter of law cannot establish abandonment. *San Jacinto Sand*, 426 S.W.2d at 344. This is especially true

given Plaintiffs' prior admission that "Defendants never expressly communicated anything about an abandonment or cessation of use to Plaintiffs." (Dkt. 11 at 14.)

In short, even if Plaintiffs prove every allegation in their Second Amended Complaint, as a matter of law, those facts do not amount to abandonment. Accordingly, Plaintiffs have failed to state a claim for abandonment and their Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ Thad Behrens
Thad Behrens
State Bar No. 24029440
Southern District Bar No. 916015
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5668
Facsimile: (214) 200-0886
E-mail: thad.behrens@haynesboone.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANT AT&T CORP.**

OF COUNSEL:
Mark Trachtenberg
State Bar No. 24008169
Southern District Bar No. 24584
Polly Graham Fohn
State Bar No. 24065318
Southern District Bar No. 1062385
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2528
Facsimile: (713) 236-5567
E-mail: mark.trachtenberg@haynesboone.com
E-mail: polly.fohn@haynesboone.com

Michelle C. Jacobs
State Bar No. 24069984
Southern District Bar No. 1111059
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5058
Facsimile: (214) 200-0619
E-mail: michelle.jacobs@haynesboone.com

**ATTORNEYS FOR DEFENDANT
AT&T CORP.**

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of June 2016, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court to the following:

Anthony G. Buzbee
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002

*/s/ Thad Behrens*
Thad Behrens