**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KENNETH COOK, JOHN WILLIAM COOK, JAMES HANNA, REBECCA WALKER JENSEN, JAMES KENT and DEERFIELD INVESTMENTS LTD, each Individually, and on behalf of those similarly situated, | § § § § § § | C.A. No.: 4:16-cv-00542 |
| | § | |
| Plaintiffs, | § | |
| V. | § | |
| | § | |
| AT&T CORP. | § | |
| | § | CLASS ACTION PURSUANT TO |
| Defendant. | § | FED. R. CIV. P. 23 |

<u>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

Plaintiffs file this Response to Defendant AT&T Corp.'s Motion to Dismiss Plaintiffs' Second Amended Complaint, and would respectfully show this Court the following:

# TABLE OF CONTENTS

SUMMARY OF THIS CASE……………………………………………………………1

SUMMARY OF ARGUMENT……………………………………………………...1

ARGUMENT AND AUTHORITIES…………………………………………………..2

I.    The Federal Rules require only a short and plain statement of the claim and fair notice to Defendant..............................................................................................2

II.    Plaintiffs' claims do not sound only in contract……………………...............4

III.    Plaintiffs have properly pled the elements of the trespass claims. Defendant abandoned the easement, and the presence of Defendant's cable on Plaintiffs' property give rise to tort claims…………………………………………………...6

IV.    Plaintiffs' claims are timely…........................................................................10

       A. The trespass is a continuing harm—temporary harm that this Court has the power to enjoin…..........................................................................10
       B. A cause of action for trespass accrues anew with each successive trespass…………………………….................................................14
       C. There are genuine issues of material fact that need to be resolved……15

V.    Plaintiffs have properly set forth a claim for declaratory relief.......................17

VI.    Finally, in the unlikely event this Honorable Court is inclined to grant Defendant's Motion, Plaintiffs request the opportunity to amend the Complaint.......................................................................................................18

CONCLUSION.......................................................................................................19

# TABLE OF AUTHORITIES

*ACCI Forwarding, Inc. v. Gonzalez Warehouse P'ship*, 341 S.W.3d 58 (Tex. App.—San Antonio 2011)............................................................................................................ 15

*Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153 (Tex. App.—Dallas 1980, no writ) ......... 12

*Allen v. Virginia Hill Water Sup. Corp.*, 609 S.W.2d 633 (Tex. App.—Tyler 1980, no pet.) .................................................................................................................................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................................. 3

*Baltimore County v. AT&T Corporation*, 735 F.Supp.2d 1063 (S.D. Ind. 2010) ............. 12

*Barker v. Eckman*, 213 S.W.3d 306 (Tex. 2006) .............................................................. 16

*Bayouth v. Lion Oil Co.*, 671 S.W.2d 867 (Tex. 1984)............................................... 11, 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................ 3

*Conley v. Gibson*, 355 U.S. 41 (1957)............................................................................. 3, 4

*Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814 (Tex. 2005)............................................. 11

*Creswell Ranch & Cattle Co. v. Scoggins*, 15 Tex. Civ. App. 373, 39 S.W. 612 (Tex. Civ. App.—Fort Worth 1897, no writ)...................................................................................... 14

*Duke Energy Field Servs., Inc. v. King Ranch, Inc.*, No. 13-03-434-CV, 2004 WL 2247423 (Tex. App.—Corpus Christi-Edinburg Oct. 7, 2004)........................................... 7

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)................................ 18, 19

*Fallis v. River Mountain Ranch Prop. Owners Ass'n, Inc.*, No. 04–09–00256–CV, 2010 WL 2679997 (Tex. App.—San Antonio, July 7, 2010, no pet.) (mem. op.)...... 10,11,12,15

*Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444 (5th Cir. 2007).............................. 11

*Gilbert Wheeler, Inc. v. Enbridge Pipelines (East Texas), L.P.*, 449 S.W.3d 474 (Tex. 2014) ................................................................................................................................. 13

*Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551 (Tex. App.—Houston [14th Dist.] 2001, no pet.)................................................................................................... 6

*Hastings Oil Co. v. Texas Co.*, 234 S.W.2d 389 (Tex. 1950) .......................................... 15

*Jones v. Fuller*, 856 S.W.2d 597 (Tex. App.—Waco 1993, writ denied).......................... 7

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982) (citation omitted) ............................................................. 19

*Kearney & Son v. Ruby K. Fancher*, 401 S.W.2d 897 (Tex. App.—Fort Worth 1966) ..... 8

*Kraft v. Langford*, 565 S.W.2d 223 (Tex. 1978) ................................................. 13

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363 (5th Cir. 2001).................. 18

*MacBride v. Pishvaian*, 402 Md. 572, 937 A.2d 233 (Md. Ct. Spec. App. 2007) ............ 12

*Markwardt v. Tex. Indus., Inc.,* 325 S.W.3d 876 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ........................................................................................... 11, 13

*Marvin M. Brandt Revocable Trust v. U.S.*, 134 S.Ct. 1257 (2014) ................................... 9

*Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420 (5th Cir. 2004) ................................................................... 18

*McFarland v. Grounds,* No. 12–50881, 2013 WL 657767 (5th Cir. Feb. 22, 2013)........ 11

*Milligan v. Niebuhr*, 990 S.W.2d 823 (Tex. App.—Austin 1999) ...................................... 9

*Montgomery Ward & Co. v. Scharrenbeck,* 204 S.W.2d 508 (Tex. 1947) ........................ 4

*Murphy v. Fannin County Elec. Co-Op, Inc.*, 957 S.W.2d 900, 904-907 (Tex. App.—Texarkana 1997, no pet.)…………………………………………………………4

*Pena v. Am. Residential Servs., LLC*, No. CIV.A. H-12-2588, 2013 WL 3280239 (S.D. Tex. June 27, 2013) ................................................................................ 11

*Plough v. Reynolds,* No. 13–03–741–CV, 2006 WL 328120 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) .......................................................................... 11, 12

*Roberson v. City of Austin*, 157 S.W.3d 130 (Tex. App.—Austin 2005) (pet. denied) .... 17

*Ronald Holland's A-Plus Transmissions v. E-Z Mart Stores, Inc.*, 184 S.W.3d 749 (Tex. App.—San Antonio 2005, no pet.) .................................................................. 6

*Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264 (Tex. 2004) ................. 10, 11, 14

*Shaw v. Williams*, 332 S.W.2d 797 (Eastland Civ. App., 1960, no writ hist.).................... 8

*Simpson v. Phillips Pipe Line Co.*, 603 S.W.2d 307 (Tex. App.—Beaumont July 17, 1980, writ ref'd)…………………………………………………………………………...7

*Smith v. Townsend*, 148 U.S. 490, 499, 13 S.Ct. 634, 37 L.Ed. 533 (1893) ...................... 9

*Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F. 3d 673 (5th Cir. 2007) ................... 3

*Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991) ............................ 5

*Speedman Oil Co. v. Duval County Co. Inc.*, 504 S.W.2d 923 (Tex. Civ. App.—San Antonio 1973, writ ref'd n.r.e.) .......................................................................................... 15

*Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985) .................................................. 4

*Tex. Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ............................................................................................................. 6

*Trinity & S. Ry. Co. v. Schofield*, 72 Tex. 496, 10 S.W. 575 (1889).................................. 17

*Upjohn Co. v. Freeman*, 885 S.W.2d 538
(Tex. App.—Dallas 1994, writ denied) .................................................................... 11, 15

*Zurita v. Lombana,* 322 S.W.3d 463
(Tex. App.—Houston [14th Dist.] 2010, pet. denied) ..................................................... 11


STATUTES AND RULES

FED R. CIV. P. 8(a)(2) ........................................................................................................ 3

FED. R. CIV. P. 12(b)(6).................................................................................................... 3, 4

FED. R. CIV. P. 15(a) .......................................................................................................... 18

TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2009) ............................ 10

OTHER AUTHORITIES

C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004) ............... 3

No Dialtone: The End of Public Switched Telephone Network, Kevin Werbach, FEDERAL COMMUNICATIONS LAW JOURNAL, Vol. 66 p. 203 ......................................................... 18

RESTATEMENT (SECOND) OF TORTS § 161(1) .................................................................... 12

W. Page Keeton, et al., PROSSER AND KEETON ON THE LAW OF TORTS
§ 13 (5th ed. 1984)............................................................................................................ 13

Wright and Miller, *Federal Practice and Procedure*, Vol 5A, § 1357 ............................. 19

## SUMMARY OF THIS CASE

Defendant hopes to get this entire case dismissed without any discovery. The Defendant's Motion is one to dismiss. It is not a summary judgment motion. Yet, Defendant treats it as such. Plaintiffs have brought a common law claim of trespass. That trespass continues, and as Defendant's cable continues to contaminate the land, the harm continues as well. Plaintiffs have also brought a claim for declaratory relief, seeking to have this Honorable Court declare that the easement has been abandoned thereby clearing title to Plaintiffs' land; Defendant completely ignores this claim, even though it is also viable. The entirety of Defendant's arguments can be defeated by a simple analogy: this Court is open to the public most days. Individuals can come and go as they please, subject to reasonable restrictions. But, when the Court closes its doors, and an individual refuses to leave, that individual becomes a trespasser. Such is the case before this Honorable Court. An easement is a right to use realty for a specific purpose, for a specific period of time. When that time period expires, or when that use is exceeded, that individual or entity using the real estate beyond that time period or outside of the use permitted becomes a trespasser. Defendant is a trespasser. Defendant's trespass continues. Defendant's Motion is utterly meritless.

## SUMMARY OF ARGUMENT

- Contrary to Defendant's arguments that Plaintiffs have not pled sufficient facts to support the claims alleged, this is not a state court case. In Federal Court there is only a notice pleading requirement for the type of case before this Court.

- An easement is the right to use another's land for a designated purpose. Defendant was granted an easement for telecommunications purposes.

- Defendant abandoned the easement. As such, there is no contract, and Defendant no longer has the right to occupy or use Plaintiffs' land. Despite this, Defendant's cable remains on Plaintiffs' land to this day, and that cable continues to contaminate Plaintiffs' land.

- Due to its abandonment, Defendant is committing a trespass that is continuing, by maintaining any cable or equipment on Plaintiffs' property. Plaintiffs have properly pled claims of trespass.

- Defendant cannot figure out what position it intends to take. On the one hand Defendant claims there are insufficient facts pled to support abandonment of the easement, yet on the other hand the Defendant argues that Plaintiffs were aware of the abandonment and waited too long to bring this action. The mere fact that even the Defendant will not admit that the easement was abandoned defeats its statute of limitation argument.

- Defendant's actions in leaving the cable on Plaintiffs' land have resulted in harm of a temporary nature to Plaintiffs' property, and this Court has the ability to enjoin Defendant and force it to remove the offending cable; thus, the statute of limitations has not expired. Plaintiffs' claims are timely brought.

- Moreover, because the contaminants from the cable continue to seep from the protective cover and into Plaintiffs' land, the tortious conduct **continues.** This is the very definition of a *continuing tort* that prevents a statute of limitations defense.

- Just as Defendant misunderstands the pleading requirements in Federal Court, it also misunderstands the purpose of a Motion to Dismiss in Federal Court. Defendant argues its Motion to Dismiss as if it were a summary judgment, even though there has been no discovery whatsoever. The bottom line is that Plaintiffs have pled viable claims. That is the only inquiry before the Court. Defendant's Motion is meritless and should be denied.

## ARGUMENT AND AUTHORITIES

**I.      The Federal Rules require only a short and plain statement of the claim and fair notice to Defendant.**

Defendant spends time in its Motion arguing that the Plaintiffs have failed to plead sufficient facts to support abandonment of the easement. Defendant apparently misunderstands the pleading requirements in Federal Court, which are much different from state court. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F. 3d 673, 675 (5th Cir. 2007).

Factual allegations in Federal Court only "must be enough to raise a right to relief above the *speculative* level … on the assumption that all the allegations in the complaint are true (*even if doubtful in fact*)." *Twombly*, 550 U.S. at 556 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)) (emphasis added). "[D]etailed factual allegations" are **not required**, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A 12(b)(6) motion should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 44-46 (1957). The question before the Court in examining a 12(b)(6) motion is whether the plaintiff's complaint states any valid claim

for relief.  *Id.*  Since federal courts simply require "notice pleading," the Court construes a plaintiff's pleading liberally, and lack of detail does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6).  *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

Plaintiffs have provided Defendant fair notice of the claims alleged.  Plaintiffs allege that the Defendant stopped using the cable in question and abandoned the easement.  This has been pled.  Any argument that Plaintiff has to plead more is contrary to the rules and applicable case law.  The allegations set forth in Plaintiffs' Complaint are more than sufficient, and Defendant's Motion to dismiss should be denied on that basis alone.  Indeed, Plaintiffs have gone beyond what is required.

## II.  Plaintiffs' trespass claims do not sound only in contract.

Defendant argues that because there was once a contractual easement Plaintiffs cannot assert tort claims.  Defendant is dead wrong.  As stated by the Texas Supreme Court: "Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." *Montgomery Ward & Co. v. Scharrenbeck,* 204 S.W.2d 508, 510 (Tex. 1947). **Furthermore, exceeding the scope of an easement is specifically actionable in trespass.  *Murphy v. Fannin County Elec. Co-op., Inc.*, 957 S.W.2d 900, 904-907 (Tex. App.—Texarkana 1997, no pet.).**  Simply put, the existence of a contract does not limit any and all possible causes of action to a scenario that involves an agreement.

4

Defendant relies on the line of Texas cases where the courts have precluded plaintiffs from attempting to make tort claims out of simple contract cases. This is not the case here. Here, there was at one point an easement *but it ceased to exist when it was no longer used for a telecommunications purpose, and thereafter it was abandoned.* Thus, the cable that remains behind exceeds the initial authority to enter the premises. This constitutes trespass. *The underlying intention to abandon the easement is demonstrated in the described lapse in use, the selling of connected assets, removal of signage, and failure to maintain the cable or the right of way.*

As pled by Plaintiffs, that easement was abandoned by the Defendant. Yet, Defendant failed to remove its property from the land, and failed to clear the title to the land. More importantly, Defendant's right to be present on the property came to an end, and the continued presence of the cable created a trespass. Once the easement was abandoned *and the right to be present extinguished*, Defendant's conduct became tortious.[1] The acts of a party may breach duties in tort or contract or simultaneously in both. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991). To identify those cases where the plaintiff can sue in tort despite the existence of the contract, the court referred to two key factors: (1) the source of the defendant's duty to act, and (2) the nature of the remedy or damages sought by the plaintiff. *Id.* at 494-95. These two factors boil down to one central idea: if the defendant's conduct "would give

---

[1] The claims alleged in this case are similar to the situation where a license agreement is in place allowing Company A to use Company B's intellectual property. When the license ends, but Company A continues to use Company B's intellectual property, B at that point would have a misappropriation of trade secrets and other tort claims against A.

rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort." *Id.* at 494.  Here, Defendant ***exceeded the term of the easement and*** breached its duty to remove both its cable and the cloud on the title for each landowner across the easement.  Defendant mistakenly focuses on whether the easement *requires* it to remove the line.  Defendant fails to understand that if there has been abandonment, then the easement no longer exists, and Defendant no longer has the right to occupy the land.  The claims alleged do not arise from any contractual duty, but instead arise from Texas common law.  Thus, Plaintiffs' claims are not contractual ones, but instead are tort claims.  Defendant's Motion should be denied.

### III. Plaintiffs have properly pled the elements of the trespass claims. Defendant abandoned the easement, and exceeded the term of the easement by the presence of Defendant's cable on Plaintiffs' property give rise to tort claims.

To prevail on a trespass to real property claim requires a showing of an unauthorized physical entry onto the property by some person or thing.  *Tex. Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267, 286 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Ronald Holland's A-Plus Transmissions v. E-Z Mart Stores, Inc.*, 184 S.W.3d 749, 758 (Tex. App.—San Antonio 2005, no pet.).  The unauthorized entry need not be in person but may be made by causing or permitting a thing or object to cross the boundary of a property.  *Id.*  Trespass usually is regarded as an intentional tort in the sense that it involves intent to commit an act that violates a property right, or would be practically certain to have that effect, although the actor may not know the act he intends to commit is such a violation.  *Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 554

(Tex. App.—Houston [14th Dist.] 2001, no pet.).  Of course, an individual with permission to enter on one's land becomes liable as a trespasser when such permission is withdrawn or exceeded.  *Simpson v. Phillips Pipe Line Co.*, 603 S.W.2d 307 (Tex. App.—Beaumont July 17, 1980, writ ref'd) (citing Restatement of the Law (Second), Torts 2d, Appendix, s 214, at 234 (1966).

Plaintiffs have pled the elements of the trespass claims.  In seeking to dismiss Plaintiffs' trespass claims, Defendant contends the cable was lawfully placed pursuant to the easement, so a required element of the trespass claim—unauthorized entry—cannot be met.  Defendant is wrong, and its argument is so weak it almost requires no response.  As pled, Defendant originally had permission to enter Plaintiffs' land.  But, as pled, Defendant abandoned the easement.  Once the easement is abandoned, the very existence of Defendant's cable on Plaintiffs' property is an unauthorized entry, or trespass.  Defendant's cable is no different than a shopper who originally had permission to enter a store, but was told to leave but refused—the shopper at that point is liable for trespass, just as the Defendant in this case is.

"An easement granted for a particular purpose terminates when its purpose ceases to exist or is completed or when the easement is abandoned or rendered impossible of performance." *Duke Energy Field Servs., Inc. v. King Ranch, Inc.*, No. 13-03-434-CV, 2004 WL 2247423, at *3 (Tex. App.—Corpus Christi-Edinburg Oct. 7, 2004); *see Jones v. Fuller,* 856 S.W.2d 597, 603 (Tex. App.—Waco 1993, writ denied).  The easement allowed Defendant "to construct, operate, maintain, replace and remove such

communication systems."  Once Defendant abandoned the easement and ceased operating such communications systems, Defendant no longer had authorization to have its cable and equipment on Plaintiffs' land.  As pled, because the Defendant failed to remove its cable and equipment from Plaintiffs' land, Defendant is committing a trespass; that is, **the purpose for which the easement was granted has ceased to exist.**  *See Kearney & Son v. Ruby K. Fancher*, 401 S.W.2d 897, 906 (Tex. App.—Fort Worth 1966).  Because of the cessation of, and impossibility of, use in accordance with the specific purpose, granted, the easement has now terminated and appellant's title should be cleared of the cloud cast by the prior grant of such easement.  The rule is stated in *Shaw v. Williams*, 332 S.W.2d 797, 800 (Eastland Civ. App., 1960, no writ hist.), as follows: "An easement granted for a particular purpose terminates as soon as such purpose ceases to exist, is abandoned, or is rendered impossible of accomplishment."

Plaintiffs pled abandonment in its pleadings.  Yet, Defendant, hoping that this Court will require some sort of heightened pleading requirement, contends that mere nonuse alone is insufficient to demonstrate abandonment.  Setting aside the fact that Plaintiff has pled all it must plead, Defendant's argument makes clear that it not only expects Plaintiffs to plead all facts supporting abandonment, but it also expects Plaintiffs to prove them.  Defendant's argument, albeit meritless, are more suited to those made in a summary judgment motion.  Plaintiffs are not required to prove facts such as this at this stage of the case; not even one document has been exchanged at this point.  The mere fact that such has been alleged is enough.  But, setting aside Defendant's attempt to try the case in the first Motion filed, Plaintiffs have actually plead facts that make it clear that

the Defendant abandoned the easement in question. An understanding of what an easement actually is makes this clear. "The essential features of easements—including, most important here, what happens when they cease to be used—are well settled as a matter of property law." *Marvin M. Brandt Revocable Trust v. U.S.*, 134 S.Ct. 1257, 1265 (2014).

> An easement is a "nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement." Restatement (Third) of Property: Servitudes § 1.2(1) (1998). "Unlike most possessory estates, **easements ... may be unilaterally terminated by abandonment, leaving the servient owner with a possessory estate unencumbered by the servitude.**" *Id.*, § 1.2, Comment d; *id.*, § 7.4, Comments a, f. In other words, if the beneficiary of the easement abandons it, the easement disappears, and the landowner resumes his full and unencumbered interest in the land. *See Smith v. Townsend*, 148 U.S. 490, 499, 13 S.Ct. 634, 37 L.Ed. 533 (1893) ("[W]hoever obtained title … to any ... land through which ran this right of way would acquire a fee to the whole tract subject to the easement of the company, and if ever the use of that right of way was abandoned … the easement would cease, and the full title to that right of way would vest in the patentee of the land")

*Id.*, at 1265-66 (emphasis added). Abandonment of easement will not result from non-use *alone*; instead, circumstances must disclose some definite act showing *intention* to abandon and terminate right possessed by easement owner. *Milligan v. Niebuhr*, 990 S.W.2d 823 (Tex. App.—Austin 1999). Here, Plaintiffs pled that the Defendant intended to abandon the easement in question. Further, Plaintiffs pled that Defendant has removed the signage and logos, sold hardware and ceased utilizing the cable. Defendant's actions, if proven at trial, amount to abandonment, and termination of the easement, which then give rise to the claims for trespass.

"An example of trespass is when a defendant fails to remove objects from the plaintiff's property in violation of a duty to do so." *Allen v. Virginia Hill Water Sup. Corp.*, 609 S.W.2d 633, 635 (Tex. App.—Tyler 1980, no pet.). Simply put, Defendant's duty to do so began when it *abandoned the easement*. Defendant claims the easement allows it to be able to freely remove equipment, and that it does not have a duty to do so. Under the easement, Defendant does not have a duty to remove equipment as it actively uses the easement; but *if the easement has been abandoned and is no longer in effect*, Defendant cannot simply leave the equipment there to the detriment of Plaintiffs. Similarly, because Defendant chooses to continue leaving the cable out there on a daily basis, it serves to intentionally invade Plaintiffs' property.

Defendant obviously would like to argue the factual points of the case in its Motion to Dismiss. But, Defendant did not file a Motion for Summary Judgment, and cannot do so until the discovery process has run its course. What is instead before this Honorable Court is a Motion to Dismiss. Plaintiffs clearly have pled allegations that set forth the elements of the tort claims, and Defendant's Motion is meritless.

## IV. Plaintiffs' claims are timely.

### A. The trespass is a continuing harm—temporary harm that this Court has the power to enjoin.

The limitations period for bringing trespass actions is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2009); *Schneider*, 147 S.W.3d at 270; *Fallis v. River Mountain Ranch Prop. Owners Ass'n, Inc.*, No. 04–09–00256–CV, 2010 WL 2679997, at *6 (Tex. App.—San Antonio, July 7, 2010, no pet.) (mem. op.). Generally,

limitations periods begin to run when a claim accrues or when damages are sustained. *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 541 (Tex. App.—Dallas 1994, writ denied). **The determination of the accrual date for damage to real property, however, depends on the characterization of the injury as permanent or temporary.** *Schneider*, 147 S.W.3d at 270; *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984). An exception to the statute of limitations in Texas is the continuing torts doctrine. *McFarland v. Grounds,* No. 12–50881, 2013 WL 657767, at *1 (5th Cir. Feb.22, 2013). A continuing tort occurs when "the wrongful conduct continues to effect additional injury to the plaintiff until that conduct stops." *Gen. Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 451 (5th Cir. 2007). The Texas Supreme Court has not endorsed or addressed this doctrine, though state courts have recognized it as tolling limitations "until the last act of intentional infliction occurs." *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 n. 8 (Tex. 2005) (not reaching the lower court's application of the continuing tort doctrine, and generally noting that it had yet to consider the doctrine). The doctrine is "rooted in a plaintiff's inability to know ongoing conduct is causing her injury." *Markwardt v. Tex. Indus., Inc.,* 325 S.W.3d 876, 894 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

"Texas courts have applied the continuing torts doctrine in cases of temporary nuisance, trespass, conversion, intentional infliction of emotional distress, and false imprisonment." *Pena v. Am. Residential Servs., LLC*, No. CIV.A. H-12-2588, 2013 WL 3280239, at *2 (S.D. Tex. June 27, 2013); s*ee, e.g., Zurita v. Lombana,* 322 S.W.3d 463 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (intentional infliction of emotional distress); *Plough v. Reynolds,* No. 13–03–741–CV, 2006 WL 328120 (Tex. App.—

Corpus Christi–Edinburg 2006, no pet.) (temporary nuisance, trespass, and conversion); *Adler v. Beverly Hills Hosp.,* 594 S.W.2d 153 (Tex. App.—Dallas 1980, no writ) (false imprisonment).

The distinction between permanent and temporary injuries to land has been applied to trespass claims. *See Fallis*, 2010 WL 2679997, at *6 (applying temporary/permanent injury distinction to trespass claim). While a cause of action for permanent injury to land must be brought within two years, damages for temporary injury to land may be recovered for the two years prior to filing suit. *Bayouth*, 671 S.W.2d at 868. "The running of the statute of limitations depends upon the nature of the trespass." *Baltimore County v. AT&T Corporation*, 735 F.Supp.2d 1063, 1087-88 (S.D. Ind. 2010). In *Baltimore* County, the Court stated:

> The court views the alleged trespass here as a continuing trespass, as discussed above in Part II–C. AT & T did not make only a one-time entry that changed the land or destroyed a structure once and for all. It entered the property and installed equipment that must be monitored and repaired, involving repeated entry into the property. *See MacBride v. Pishvaian*, 402 Md. 572, 937 A.2d 233, 240 (2007) (noting that the occurrence of continuous violations tolls the statute of limitations).

*Id.* A trespass "may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it." RESTATEMENT (SECOND) OF TORTS § 161(1). This argument echoes the earlier discussion of the difference between a continuing trespass and a permanent trespass. Prosser and Keeton explain:

> The ordinary trespass is complete when it is committed; the cause of action accrues, and the statute of limitations begins to run at that time, although the consequence may be a permanent injury to the land. But in many cases, as where

12

the defendant erects a structure or dumps rubbish upon the land of the plaintiff, the invasion is continued by a failure to remove it. **In such a case, there is a continuing wrong so long as the offending object remains.**

W. Page Keeton, et al., PROSSER AND KEETON ON THE LAW OF TORTS § 13, at 83 (5th ed.1984) (footnote omitted).

A continuing tort is an ongoing wrong causing a continuing injury, and the limitations period for a continuing tort does not begin to run until the tortious conduct ceases. *See Markwardt*, 325 S.W.3d at 893. Whether an injury is temporary or permanent is a question of law for the court to decide; at the same time, questions regarding the facts that underlie the temporary versus-permanent distinction must be resolved by the jury. *Gilbert Wheeler, Inc. v. Enbridge Pipelines (East Texas), L.P.*, 449 S.W.3d 474, 481 (Tex. 2014).

**The ability to terminate tortious conduct is a characteristic of a temporary injury to land.** *See Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978). In contrast, an injury that can be terminated cannot be considered a permanent injury. *Id.* "An injury to real property is considered permanent if (a) it cannot be repaired, fixed, or restored, *or* (b) even though the injury can be repaired, fixed, or restored, it is substantially certain that the injury will repeatedly, continually, and regularly recur, such that future injury can be reasonably evaluated." *Wheeler*, 449 S.W.3d at 480. "Conversely, an injury to real property is considered temporary if (a) it can be repaired, fixed, or restored, *and* (b) any anticipated recurrence would be only occasional, irregular, intermittent, and not reasonably predictable, such that future injury could not be estimated with reasonable certainty." *Id.* "These definitions apply to cases in which entry onto real property is

physical (as in a trespass) and to cases in which entry onto real property is not physical (as with a nuisance)." *Id.* As the Court can see, there are fact questions that exist in this analysis. Once the facts are determined by a jury, that is, once the jury determines "what interference has occurred or whether it is likely to continue," *Schneider*, 147 S.W.3d at 281, dismissal based on statute of limitations is precluded.

There are three issues that are pled and have been raised by Plaintiffs' pleadings that defeat Defendant's arguments regarding the statute of limitations. First, the cable in question is made of lead. Contaminants are seeping out of the cable, slowly polluting and contaminating Plaintiffs' land. This process is ongoing, and the longer it occurs, the more contamination there will be. Second, the presence of the cable and equipment amounts to a temporary trespass. The land and property are not permanently affected by simply the existence of the cable and equipment, and removal of such would at least remove that portion of the trespass about which Plaintiff complains. Finally, the existence of the cable and equipment effectively serves to cloud title on the land Plaintiff owns. Until the cable and equipment are removed, Plaintiff is prevented from using that part of the property, and is prevented from being able to sell the property sans the easement.

### B. A cause of action for trespass accrues anew with each successive trespass.

Under the continuing tort doctrine, a cause of action for trespass accrues anew with each successive trespass. *See Creswell Ranch & Cattle Co. v. Scoggins*, 15 Tex. Civ. App. 373, 39 S.W. 612, 614 (Tex. Civ. App.—Fort Worth 1897, no writ)

(concluding that cattle trespassing and grazing on land over a period of years is an ongoing trespass, not one that permanently destroyed or damaged the land). A continuing trespass is considered ongoing, and a cause of action does not accrue until the defendant's tortious conduct ceases. *ACCI Forwarding, Inc. v. Gonzalez Warehouse P'ship*, 341 S.W.3d 58, 63-64 (Tex. App.—San Antonio 2011); *Fallis*, 2010 WL 2679997, at *6. **Each day, contaminants continue to seep out of the cable and into Plaintiffs' land, and is a new trespass.**

Unlike a trespass that happens once, such as a structure built on another's property or a one-time invasion onto another's land, the trespass that has occurred onto Plaintiffs' land is a *continuing trespass. See Hastings Oil Co. v. Texas Co.*, 234 S.W.2d 389, 398 (Tex. 1950); s*ee also Speedman Oil Co. v. Duval County Co. Inc.*, 504 S.W.2d 923, 929 (Tex. Civ. App.—San Antonio 1973, writ ref'd n.r.e.). **Where a trespass is continuous in nature, a jury or fact finder cannot fix upon a time when the trespass was complete.** *Id*. In a continuing tort case, **the wrongful conduct continues to effect additional injury to the plaintiff until that conduct stops.** *Fallis*, 2010 WL 2679997, at *6; *Upjohn*, 885 S.W.2d. at 541. As a result, an action may not be barred by limitations if the wrongful conduct constitutes a continuing tort. *Fallis*, 2010 WL 2679997, at *6.

### C. There are genuine issues of material fact that need to be resolved.

In this case, Defendant never expressly communicated anything about an abandonment or cessation of use to Plaintiffs. At this stage of the case, the only "communications" from Defendant to the Plaintiffs (and the public) were signs posted

along the easement with a logo and phone number for establishing contact with Defendant. Only recently, Doyce Cook, a retired Texas Ranger (now deceased) questioned the status of the easement and he relied on Plaintiffs' counsel to investigate and establish the facts that support the underlying causes of action. Regardless, the continuous nature of the trespass operates to make the causes of action pled timely.

The properties involved in this case span hundreds of acres. The cable in question is below the ground. The truth is, the exact date of abandonment is still unknown.[2] At this moment, there is no date Defendant can point to that is the definitive date the causes of action accrued. Indeed, as Defendant stated, manifestation of an intent to abandon by the easement owner is an important element in establishing abandonment of an easement. At this early stage of the case, it is impossible to know exactly when Defendant actually intended to abandon the easement in question. In fact, it is ironic that, on the one hand when arguing its statute of limitations defense the Defendant argues that Plaintiffs knew or should have known of abandonment and thus the statute of limitations began to run, yet on the other hand the Defendant argues that the Plaintiffs have not provided factual basis to support the claim of abandonment and have not even pled facts that support such

---

[2] If applicable, the discovery rule defers the accrual of a plaintiff's cause of action until such time as the plaintiff knows or should know, through the exercise of due diligence, of facts giving rise to the claim. *Barker v. Eckman*, 213 S.W.3d 306, 311-312 (Tex. 2006). In this case, Plaintiffs do not need to stand on the discovery rule because the trespass is a continuing tort for which the statute of limitations has not run.

abandonment.  Defendant wants its cake and wants to eat it too.[3]  Instead, Defendant's Motion should be denied.

As stated by the Texas Supreme Court many years ago: "Whether the injury [to real property] amounts to total or only partial destruction of value, or whether it be permanent or temporary, as well as the extent of the injury and the resulting amount of damages, are all questions for the determination of the jury under proper instructions." *Trinity & S. Ry. Co. v. Schofield*, 72 Tex. 496, 10 S.W. 575, 577 (1889).

Defendant's Motion is meritless, and should be denied.

## V.      Plaintiff has properly set forth a claim for declaratory relief.

The Texas Declaratory Judgement Act is the precise mechanism to resolve non-possessory interest disputes such as the abandonment of easement. *See Roberson v. City of Austin*, 157 S.W.3d 130 (Tex. App.—Austin 2005) (pet. denied).  An easement does not transfer title to the land; instead it is a non-possessory interest in land that authorizes the use of land for particular purposes. *Id.*  Defendant contends Plaintiffs' declaratory judgment claim fails because Plaintiffs fail "to allege acts sufficient to plead abandonment."  This argument is just a rehash of the same arguments Defendant has already made. As has been stated, and as is clear in the pleadings, Plaintiff has properly alleged acts to show action that amounts to an intent to abandon the easement.  The intentional removal of Defendant's signage, which included contact telephone numbers

---

[3] One wonders why Defendant will not just take a position. Is the easement abandoned? If so, when was it abandoned? Instead, Defendant argues for dismissal, knowing full well that the mere fact that these questions are outstanding and undiscovered prevents dismissal of this case at this stage.

and company logos, and the divestment in hardware along the length of the easement. Furthermore, Defendant has publicly acknowledged that it is ending its land line telephone business. *See* <u>No Dialtone: The End of Public Switched Telephone Network</u>, Kevin Werbach, FEDERAL COMMUNICATIONS LAW JOURNAL, Vol. 66 p. 203, 206 (citing Tech. Advisory Council, FCC, Status of Recommendations (2011)). In fact, Defendant has petitioned the FCC for authorization to switch entire communities over to IP-based technology on an experimental basis. *Id.* It is clear that Defendant took steps to remove itself from the easement and that it focused on growing its business in a different direction, which means the easement is terminated. Defendant's Motion should be denied.

**VI. Finally, in the unlikely event this Honorable Court is inclined to grant Defendant's Motion, Plaintiffs request the opportunity to amend the Complaint.**

Under Federal Rule of Civil Procedure 15(a), "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Although proper reasons for denying leave to amend include "undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party," "delay alone is an insufficient basis for denial of leave to amend." *Id.* at 425, 427. The touchstone for denial of leave to amend under Rule 15(a) is prejudice. *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Thus, delay warrants dismissal "only if the delay . . . presents the possibility of serious prejudice to the opponent." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598–99 & n.2 (5th Cir. 1981) (reversing district

court's denial of leave to amend "proposed after dismissal of the action at the pre-trial conference and one week before the trial date" in part because the plaintiff moved to amend "promptly upon the decision of the trial court that held the pleadings defective")

The federal rule policy of deciding cases on the basis of substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. Wright and Miller, *Federal Practice and Procedure*, Vol 5A, § 1357. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. *Id.* Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. *Id.*

Finally, "[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citation omitted). For all of the reasons above, Plaintiff respectfully asks that this Court deny Defendant's Motion in its entirety. Should this Court be inclined to grant Defendant's Motion, however, Plaintiffs alternatively request that this Court grant Plaintiffs leave to amend the Complaint.

## CONCLUSION

This is a Motion to dismiss on the pleadings. This is not a Motion for Summary Judgment. Plaintiffs' pleadings properly set forth claims against Defendant. Defendant's Motion should be denied.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
Andrew Dao
State Bar No. 24082895
Fed. ID No. 2368172
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone:   713-223-5393
Facsimile:   713-223-5909
Email: tbuzbee@txattorneys.com
Email: adao@txattorneys.com

Bret Griffin
State Bar No. 24025396
Federal Bar No. 685946
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served

on all known counsel of record in accordance with the Federal Rules of Civil Procedure

on July 6, 2016.

*/s/ Bret Griffin*
Bret Griffin