United States District Court
Southern District of Texas
**ENTERED**
March 29, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH COOK, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:16-CV-542 |
| AT&T CORP, | § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Defendant AT&T Corp.'s (AT&T) Motion to Dismiss (Doc. #20), Plaintiffs' Response (Doc. #21), and Defendant's Reply (Doc. #23). Also before the Court is Civil Action No. 4:16-cv-381 (the "'381 Case"). The Court entered an Order in that case denying Defendant's Motion to Dismiss and repeats its order here. The only discernible difference between the two cases is this case, the latter filed one, concerns a class of Plaintiffs, unlike the single plaintiff in the '381 Case. Defendant's Motion to Dismiss is denied for the reasons articulated in the Court's prior ruling in the '381 case.

### I. Background

Plaintiffs' case centers around a communications cable buried under Plaintiffs' property pursuant to an easement granted in the 1950s. Plaintiffs allege two theories of trespass based on this cable. First, that AT&T abandoned its rights under the easement, and, therefore, has a duty to remove the cable from under Plaintiffs' land. And, AT&T's continued failure to remove the cable constitutes a trespass. Second, that lead contained in the cable is contaminating the subsurface of Plaintiffs' property, which constitutes a trespass. Plaintiffs also bring a declaratory judgment action seeking to declare that AT&T has abandoned its rights under the easement at issue in this case.

II.   **Analysis**

   A. **Trespass**

In regards to the first theory of trespass, the Court agrees with AT&T's assertion that Plaintiffs' abandonment theory of trespass sounds only in contract. *See Oxy USA, Inc. v. Cook*, 127 S.W.3d 16, 18 (Tex. App.—Tyler 2003, pet. denied) (noting that because the oil field equipment complained of by plaintiff to establish its nuisance and trespass claims was placed on the land pursuant to a contractual right, the plaintiff's "cause of action depends entirely on the contract to establish a duty and, therefore, the action is one for breach of contract only"). Like the equipment in *Oxy USA, Inc. v. Cook*, the cable complained of in this case was placed on the property pursuant to a contractual right; accordingly, Plaintiffs' abandonment theory of trespass is inappropriate because it depends entirely on the easement to create a duty to remove.

However, the Court finds that Plaintiffs' contamination theory of trespass states a plausible claim for relief. The easement in this case allows AT&T to enter the Plaintiffs' land to "construct, operate, maintain, replace and remove . . . communication systems." However, the easement does not grant AT&T the right to contaminate Plaintiffs' property. Accordingly, dismissal of Plaintiffs' trespass claim is inappropriate. The Court acknowledges that this claim will likely depend on many factual issues, including the extent of the contamination, if any, the nature of the contamination, and whether such contamination was contemplated under the original easement. However, these issues are more appropriately addressed at the summary judgment stage.

   B. **Declaratory Judgment**

Likewise, dismissal of Plaintiffs' declaratory judgment claim is inappropriate. Plaintiffs allege three purported acts of abandonment: (1) AT&T's removal of its signage; (2) AT&T's

failure to inspect, maintain, or repair the cut and damaged cable; (3) the fact that AT&T sold most of the bunkers and equipment associated with the property. Though nonuse alone is insufficient to show abandonment, the above alleged acts, taken together, may constitute a plausible claim for abandonment. *See Dallas County v. Miller*, 166 S.W.2d 922, 924 (Tex. 1942) (establishing that a claim of abandonment requires a "definite act showing an intention to abandon and terminate the right possessed by the easement owner"). Accordingly, as stated above, dismissal of Plaintiffs' declaratory judgment claim is inappropriate.

### C. Statute of Limitations

Lastly, AT&T's assertion that Plaintiffs' claim for trespass is barred by the applicable statute of limitations is more appropriately handled at the summary judgment stage. Currently, the Court has no indication regarding the exact date, if any, the abandonment occurred. Additionally, the Court cannot determine if the trespass was discoverable given the lack of evidence establishing the extent of the alleged contamination, if any. Accordingly, dismissal based on the statute of limitations is currently inappropriate.

### III. Conclusion

For the foregoing reasons, AT&T's Motion to Dismiss is DENIED.

It is so ORDERED.

MAR 2 8 2017
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge